NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
MIDDLETON DUNMORE,                  :
                                    :   Civil Action No. 08-2708 (NLH)
            Plaintiff,              :
                                    :
      v.                            :        O P I N I O N
                                    :
KAREN BALICKI, et al.,              :
                                    :
            Defendants.             :
_____ :

**APPEARANCES:**

Middleton Dunmore, Pro Se
350167
South Woods State Prison
215 Burlington Rd. South
Bridgeton, NJ 08302

**HILLMAN, District Judge**

This matter is before the Court on Plaintiff Middleton Dunmore's motion to reinstate defendants and amend the complaint (docket entry 7). For the following reasons, the motion will be denied.

## BACKGROUND

On May 30, 2008, Plaintiff submitted for filing a civil complaint alleging excessive force and failure to intervene claims in violation of the United States Constitution, and requesting relief under 42 U.S.C. § 1983.[1] This Court screened

---

[1] Below is a summary of the facts alleged in Plaintiff's complaint:

the complaint pursuant to 28 U.S.C. § 1915.  By Order dated October 23, 2008, this Court allowed Plaintiff's claims against defendant Ennals to proceed past the sua sponte screening stage; however, this Court dismissed the claims against defendants Karen Balicki and Chrystol Leys, for failure to state a claim upon which relief may be granted, because Plaintiff had not alleged facts indicating the personal involvement of these defendants.  This Court stated in the October 23 Order:

---

    On November 24, 2006, Plaintiff was working tier sanitation at South Woods State Prison, when defendant Sergeant Ennals and other officers entered the unit "in a hostile manner."  Plaintiff was approached and told to "lock . . . in."  Upon locking in, he noticed commotion and kicking on his cell door, with the officers telling him to show his hands and to come out of the cell.  Plaintiff was then "shoved against the wall with extreme force, had both legs kicked and roughly pat frisked while being asked where's the weapons."

    Plaintiff was then taken to the day room where he remained until Sgt. Ennals called him to come out with his hands on his head walking backwards.  He then "slammed me wantonly face first against the wall."  Plaintiff was cuffed.  He was escorted down the stairs and at each door was continually pushed head first from behind into door after door.  He was taken to the barber shop and left cuffed.

    He was then taken to the clinic to see the nurse.  He complained about his head and face hurting from being slammed.  The nurse refused his complaints and just lifted his shirt and looked for tattoos.

    Plaintiff was taken to detention and was interviewed by internal affairs about being a member of the bloods gang.  He said he wasn't a member.  He was placed in detention.  Apparently the warden had documentation that his name "was never on."

> However, the Court will dismiss defendant Karen Balicki from this action, without prejudice, as plaintiff seeks to sue her as a supervisor only. The Court will also dismiss defendant Chrystol Leys, as plaintiff alleges no facts against her, except that she was a former correctional officer who was "involved." Local government units and supervisors are not liable under § 1983 solely on a theory of <u>respondeat</u> <u>superior</u>. <u>See</u> <u>City of Oklahoma City v. Tuttle</u>, 471 U.S. 808, 824 n.8 (1985); <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658, 690-91, 694 (1978); <u>Natale v. Camden County Correctional Facility</u>, 318 F.3d 575, 583-84 (3d Cir. 2003). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of <u>respondeat</u> <u>superior</u>. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). <u>Accord</u> <u>Robinson v. City of Pittsburgh</u>, 120 F.3d 1286, 1293-96 (3d Cir. 1997); <u>Baker v. Monroe Twp.</u>, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

<u>See</u> Order (docket entry 4).

On October 23, 2008, summons were executed for service of the complaint on defendant Ennals. The summons came back unexecuted on February 2, 2009. Meanwhile, on November 24, 2008, Plaintiff filed the within motion.

**<u>PLAINTIFF'S MOTION</u>**

Plaintiff's motion requests that defendants Balicki and Leys be reinstated. As to defendant Balicki, the Administrator of the South Woods State Prison, Plaintiff writes:

> As administrator Karen Balicki has failed her legal administrative duty by not curtailing her subordinates from the physical abuse of plaintiff. Had she exercised her administrative power and reined in the abundant misuse of force her officers would not so freely dish out this treatment. By not acting in her

3

> administrative capacity this common pattern continues, under her authority this is allowed which binds her to her subordinates['] actions (See Pool v. Mo. Department of Corrections, 883 F.2d 640 (1989)).  Plaintiff was detained and caused bodily harm when there was no provocation nor implication in snitch note.

See Motion, docket entry 7, at p. 5.  As to defendant Leys, Plaintiff writes:

> Chrystol Leys has admitted, to wrongful doing and pleaded guilty to official misconduct for allegedly smuggling in these razor blades and having an improper relationship with an inmate.  Her actions propelled others to violate plaintiff's constitutional rights.

See Motion, docket entry 7, at p. 5.

**A.   Defendant Balicki**

In the case cited by Plaintiff, Pool v. Missouri Dept. of Corrections, the Court of Appeals for the Eighth Circuit found:

> To hold supervisors liable under section 1983, a plaintiff must show that a superior had actual knowledge that his subordinates caused deprivations of constitutional rights and that he demonstrated deliberate indifference or "tacit authorization" of the offensive acts by failing to take steps to remedy them. Wilson v. City of North Little Rock, 801 F.2d 316, 322 (8th Cir. 1986).
>
> Pool alleges that Dick Moore was responsible for the overall operation of the Missouri State Penitentiary and that he was fully aware of the numerous assaults that occurred in the Missouri State Penitentiary and particularly in HU-4.  Pool also alleged that Moore was aware that many of these assaults occurred as a result of the insufficient guard supervision.  While Pool may not be able to prove these allegations at trial, we believe that they are sufficient to withstand a motion to dismiss for failure to state a claim.  Thus, the district court erred in dismissing Pool's claim against Dick Moore as frivolous.

4

Pool v. Missouri Dept. of Corrections and Human Resources, 883 F.2d 640, 645 (8th Cir. 1989).  In this case, however, Plaintiff does not assert that defendant Balicki "was fully aware" of numerous assaults, as the Court in Pool found.  Rather, Plaintiff asserts facts indicating that defendant Balicki did not "curtail" her subordinates, and should have "reined in" the misuse of power by her officers.  Plaintiff claims that defendant Balicki did not act in her administrative capacity.  Thus, it appears to this Court that Plaintiff is offering his opinion that defendant Balicki did not have proper control of her officers.  Plaintiff continues to make no allegations of personal involvement by defendant Balicki.  Nor does he allege facts indicating acquiescence on her part, or personal direction. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)("A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.")(citations omitted).  Rather, Plaintiff makes a bald accusation that defendant Balicki "failed in her legal administrative duty."

   Plaintiff further states in his proposed amendment to the complaint that defendant Balicki "personally authorized plaintiff's illegal placement [in] prehearing detention

5

subject[ing] plaintiff to a substantial deprivations . . . ." See Motion, p. 6.

However, to the extent Plaintiff is asserting that his confinement in prehearing detention violated due process, such claim would be subject to dismissal. Procedural due process rights are triggered by a deprivation of a legally cognizable liberty interest.[2] For a prisoner such as Plaintiff, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Generally, disciplinary restraints on an inmate's freedom in prison in response to a wide range of institutional infractions, or an inmate's transfer to less amenable quarters, are deemed to fall "within the expected parameters of the sentence imposed by a court of law." Id. at 485. Thus, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution,[3] the Due Process

---

[2] The Due Process Clause of the Fourteenth Amendment provides that no State may "deprive any person of life, liberty, or property, without due process of law."

[3] For example, the deprivation of a basic human need or the unnecessary and wanton infliction of pain, if alleged, may be sufficient to show conditions of confinement that are violative of the Constitution. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

6

Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976), quoted in Sandin, 515 U.S. at 480.  Here, Plaintiff alleges no facts triggering the protections of the Due Process Clause.[4]  See Sandin, 515 U.S. at 484-486.

Based on the foregoing, Plaintiff's motion to reinstate defendant Balicki will be denied.

**B.   Defendant Leys**

As to defendant Leys, Plaintiff states that she "has admitted to wrongful doing and pleaded guilty to official misconduct for allegedly smuggling in these razor blades and having an improper relationship with an inmate.  Her actions propelled others to violate plaintiff's constitutional rights."  Motion, p. 5.  He further states that defendant Leys, "breached

---

[4]     The act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights. See Freeman v. Rideout, 808 F.2d 949, 952-53 (2d Cir. 1986)(holding that "the mere filing of [a false] charge itself" does not constitute a cognizable claim under § 1983 so long as the inmate "was granted a hearing, and had the opportunity to rebut the unfounded or false charges"), cert. denied, 485 U.S. 982 (1988); Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)(finding that so long as prison officials provide a prisoner with the procedural requirements outlined in Wolff v. McDonnell, 418 U.S. 539, 558 (1974), then the prisoner has not suffered a constitutional violation).  See also Creter v. Arvonio, No. 92-4493, 1993 WL 306425, at *7 (D.N.J. Aug. 5, 1993); Duncan v. Neas, No. 86-109, 1988 WL 91571, at *1 (D.N.J. Aug. 30, 1988)(determining that "the alleged knowing falsity of the charge [does not state] a claim of deprivation of a constitutionally protected liberty interest ... where procedural due process protections were provided").  In this case, Plaintiff has not alleged facts indicating a violation of his constitutional rights.

security by smuggling weapons into the prison, hiding them in cells, and helping dictate snitch note." Motion, p. 6.

However, Plaintiff has not alleged facts indicating defendant Leys' personal involvement in the attack against him by Sgt. Ennals. Plaintiff's complaint is based on the alleged facts that Sgt. Ennals and various John Doe officers used excessive force against him, and/or failed to intervene to stop that force. Plaintiff's complaint does not allege facts concerning constitutional deprivations against Plaintiff by defendant Leys personally. Therefore, Plaintiff's motion to reinstate defendant Leys is denied.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion to reinstate defendants Balicki and Leys will be denied. Plaintiff has not alleged facts indicating that these defendants were personally involved in the alleged assault against him.

An appropriate Order accompanies this Opinion.

 /s/NOEL L. HILLMAN  
 NOEL L. HILLMAN  
 United States District Judge

Dated: July 15, 2009  
At Camden, New Jersey