UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MIDDLETON DUNMORE,

    Plaintiff,

 v.

KAREN BALICKI, et al.

    Defendants.

Civil Action No.
08-cv-2708 (NLH)(KMW)

**OPINION**

**APPEARANCES**:

Middleton Dunmore
# 531173
New Jersey State Prison
P.O. Box 861
Trenton, N.J. 08625
*Pro Se*

Daniel Michael Vannella, Esquire
New Jersey Division of Law
Richard J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, N.J. 08625
*Attorney for Defendant Sergeant Ennals*

**HILLMAN, District Judge**

  Plaintiff, Middleton Dunmore, an inmate incarcerated with the New Jersey Department of Corrections ("NJDOC"), has brought a civil rights suit against Defendant, Sergeant Calvin Ennals, pursuant to 42 U.S.C. § 1983.  Ennals moves to dismiss Dunmore's claims or, alternatively, for summary judgment.

  For the following reasons, Sergeant Ennals' Motion to Dismiss is denied, without prejudice.

**I. JURISDICTION**

Plaintiff has brought federal claims pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, and may exercise supplemental jurisdiction over any state law claim pursuant to 28 U.S.C. § 1367.

## II. BACKGROUND

On November 24, 2006, Dunmore was an inmate at the South Woods State Prison in Bridgeton, New Jersey.[1] That morning, Sergeant Ennals and other corrections officers approached Dunmore and told him to lock into his cell. After Dunmore obeyed the instructions, officers kicked at his cell door and told him to show his hands and come out of his cell. The officers then forcefully shoved Dunmore against the wall, kicked his legs, and frisked him, asking about the whereabouts of weapons.

Dunmore was taken to another room. There, Sergeant Ennals slammed Dunmore against a wall and handcuffed him. Officers escorted Dunmore down the stairs, pushing him headlong into each door that they passed. Eventually, Dunmore was left in the prison's barber shop for about an hour and a half. Officers refused to grant him access to the bathroom.

In the prison's medical clinic, Dunmore reported to a nurse

---

[1] Given that the present matter comes before the Court by way of Sergeant Ennals' Motion to Dismiss, Dunmore's allegations are accepted as true and viewed in a light most favorable to him, as is required when reviewing a motion to dismiss. See Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).

that he suffered injuries to his head and face as a result of the officers' excessive force.  Before he could receive any treatment, however, Dunmore was ushered out of the clinic and placed in detention.

In or around May 2008, Dunmore filed suit in this Court, alleging violations of his federal constitutional rights by virtue of the use of excessive force employed against him by Sergeant Ennals and other unknown officers and the denial of medical treatment.[2]  In an Order dated October 21, 2008, the Court dismissed Dunmore's claims against Karen Balicki, a supervisor, and Chrystol Leys, a former corrections officer, but allowed his suit to proceed against Ennals.  Dunmore's motion to amend his complaint was denied on July 15, 2009.

On June 10, 2010, Sergeant Ennals moved to dismiss Dunmore's claims or, alternatively, for summary judgment.  Ennals' counsel certifies that Dunmore was properly served at his mailing address.  Dunmore, nevertheless, has not responded to Ennals' motion.

## III. DISCUSSION

### A. Standard for Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all

---

[2] Dunmore also appears to set forth a claim for assault and battery under New Jersey law.

well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)).  Under the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis.  First, a claim's factual and legal elements should be separated; a "district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1950).

Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Id. at 211 (quoting Iqbal, 129 S. Ct. at 1950).  "[A] complaint must do more than allege the plaintiff's entitlement to relief."  Id.; see

4

Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." (quoting Twombly, 550 U.S. at 556)).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005).

    **B.    Exhaustion of Administrative Remedies**

Sergeant Ennals argues that Dunmore's claims must be dismissed because Dunmore has failed to follow the requisite grievance procedures for prisoners incarcerated within the NJDOC.  The failure to exhaust administrative remedies as specified in 42 U.S.C. § 1997e(a), says Ennals, necessitates dismissal.

"Under the Prisoner Litigation Reform Act, a prisoner must exhaust available administrative remedies before bringing suit concerning prison conditions."  Daniels v. Rosenberger, 386 F. App'x 27, 29 (3d Cir. 2010) (citing 42 U.S.C. § 1997e(a)).  "Whether an administrative remedy is available to the prisoner is a matter of law," with the relevant inquiry being whether the remedy was "'capable of use; at hand.'"  Id. (quoting Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002)).  "Proper exhaustion of

5

administrative remedies requires filing a timely or otherwise procedurally non-defective grievance." Id.  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

At the time of Sergeant Ennals' alleged misconduct, Dunmore was an inmate incarcerated at a NJDOC facility and thus was subject to whatever policies and procedures were in place in that prison at that time.  According to Ennals, the NJDOC inmate handbook sets forth a grievance procedure that inmates must utilize to complain of the misconduct of corrections officers.  In support of his claim, Ennals cites to Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002), in which the Third Circuit held that a prison grievance procedure outlined in an inmate handbook constituted an "administrative remedy" within the scope of 42 U.S.C. § 1997e(a).

Based on the current record, however, the Court cannot conclude definitively that a suitable grievance procedure was made available to Dunmore so that he could pursue an administrative remedy for Ennals' actions.  For whatever may be said of the prison's grievance procedure, Ennals has not proffered any documentation or other evidence that enables the Court to evaluate it, and to ensure that it is properly disclosed to inmates and satisfies the dictates of 42 U.S.C. § 1997e(a).

That the Third Circuit found a prison's grievance procedure adequate in <u>Concepcion</u> is not dispositive here.  The grievance procedure outlined in <u>Concepcion</u> appears to have involved a different prison than that at issue in this case, and it is not clear to the Court that the precise procedures and remedies available to inmates in that case also were available to Dunmore.

While, in all likelihood, an adequate grievance procedure may have been available to Dunmore, the burden to prove that an inmate did not exhaust all administrative remedies available to him rests with the moving defendant, and not the plaintiff.  <u>See</u> <u>Cerome v. Moshannon Valley Corr. Center</u>, 2010 U.S. App. LEXIS 24938, at *10 (3d Cir. Dec. 7, 2010) (holding that "[t]he burden of proving exhaustion of administrative remedies" rests with the defendant-prison, and finding that defendant "did not meet that burden, and did not provide the court with information on the procedures [plaintiff] did or did not follow in the grievance process").  For that reason, Ennals must be held to carry his entire burden, which he has not done at this juncture.

Therefore, Sergeant Ennals' Motion to Dismiss is denied, without prejudice.[3]  In the event that Ennals chooses to move

---

[3] Here, the Court must construe the facts, and draw all reasonable inferences, in favor of Dunmore.  <u>See</u> <u>Evancho</u>, 423 F.3d at 350.  Similarly, the burden for a motion to dismiss resides with the defendant.  <u>See</u> <u>Hedges</u>, 404 F.3d at 750.  Recognizing those standards, and that Dunmore is a *pro se* litigant, the Court denies Ennals' motion for the reasons stated above.  That said, Dunmore has a responsibility to prosecute his case.  Should he fail to do so in a timely manner, Ennals may

again against Dunmore's claim, the Court encourages him to file a motion for summary judgment, as opposed to a motion that may be construed as a motion to dismiss.[4]

### IV. CONCLUSION

For the foregoing reasons, Sergeant Ennals' Motion to Dismiss is denied, without prejudice. An Order consistent with this Opinion will be entered.


Dated: March 28, 2011          /s/ NOEL L. HILLMAN
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

choose to file an appropriate motion to dismiss or the Court may address the matter *sua sponte*. Therefore, Dunmore is encouraged, and obliged, to litigate his case accordingly.

[4] Recently, the Third Circuit emphasized, in the context of a motion to dismiss on the basis of a *pro se* inmate's purported failure to exhaust administrative remedies, that when a court considers documents beyond the complaint, the motion to dismiss must be converted to a motion for summary judgment and notice must be given to the plaintiff-inmate. Cerome, 2010 U.S. App. LEXIS 24938, at *10. Here, Ennals presents more than a dozen inmate request/complaint forms submitted by Dunmore to prison authorities. According to Ennals, the forms prove that Dunmore was familiar with, and had utilized, the prison's grievance procedure, yet never complained about Ennals' alleged misconduct. The introduction of those documents, along with whatever else Ennals may furnish in a subsequent motion, suggests that the proper vehicle for a prospective motion likely is a motion for summary judgment.